UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBIN T.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

CIVIL ACTION NO.
1:21-CV-01391-JPB

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 15]. This Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

Robin T. ("Plaintiff") filed an application for supplemental security income ("SSI") on March 2, 2018, alleging that was disabled and had been unable to work since March 11, 2016. After Plaintiff's application was denied, Plaintiff presented her case to an Administrative Law Judge ("ALJ").

After a hearing, the ALJ determined that Plaintiff had the following severe impairments: osteoarthritis, degenerative disc disease and obesity. The ALJ also identified two non-medically determinable impairments—carpal tunnel syndrome and chronic obstructive pulmonary disease ("COPD"). The ALJ recognized that

these severe impairments could reasonably be expected to cause symptoms, such as pain.  The ALJ found, however, that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain limitations.  As to the limitations, the ALJ found that Plaintiff is able to perform work that requires no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling.  Moreover, the ALJ determined that Plaintiff is able to perform work that requires frequent, but not constant, handling and fingering with the bilateral upper extremities.

In deciding Plaintiff's RFC, the ALJ discussed the medical opinion of Dr. Rosetta Cain.  Dr. Cain examined Plaintiff in conjunction with a Social Security Disability Consultative Examination.[1]  Dr. Cain opined that based on Plaintiff's exam, Plaintiff "[m]ay have difficulty with lifting and carrying more than ten [pounds]" and "may have difficulty with prolonged standing or walking."  [Doc. 9-1, p. 258].  She further opined that Plaintiff "[m]ay have little difficulty with

---

[1] These exams are requested by the state for its use in determining whether a claimant is disabled.

sitting." Id.  The ALJ determined that Dr. Cain's opinion was not persuasive because Dr. Cain provided vague limitations and unspecified environmental limitations.  Further, the ALJ noted that Dr. Cain's opinion provided no function-by-function analysis, was not based on imaging studies (since Plaintiff failed to appear for her scheduled appointments) and was inconsistent with her indication that Plaintiff had a normal gait.

Ultimately, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and issued an unfavorable decision.  Thereafter, on April 12, 2021, Plaintiff filed a Complaint with this Court seeking review.  [Doc. 4].  In pertinent part, Plaintiff argued that the ALJ erred by finding Dr. Cain's opinion unpersuasive.  On June 24, 2022, United States Magistrate Judge Justin S. Anand issued his Final Report and Recommendation.  [Doc. 15].  The Magistrate Judge determined that the ALJ's treatment of Dr. Cain's opinion was supported by substantial evidence, and therefore he recommended affirming the decision of the Commissioner.  Plaintiff filed an objection to the recommendation on July 7, 2022. [Doc. 17].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447

U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), a court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis, and it reviews any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). It is reasonable to place this burden on the objecting party because "[t]his rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

## DISCUSSION

An individual seeking disability insurance benefits bears the "heavy" burden to show that she is disabled. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). Social security regulations establish a five-step evaluation process to determine disability. Id. Under the five-step process, a claimant must show that:

> (1) she is not performing substantial gainful activity; (2) she has a severe impairment; (3) the impairment or combination of impairments meets or equals an impairment listed in the regulations; or (4) she cannot return to past work; and, (5) if the Secretary identifies other work, she cannot perform other work based on her age, education, and experience.

Packer v. Comm'r, Soc. Sec. Admin., 542 F. App'x 890, 891 (11th Cir. 2013). Although the claimant bears the burden of proof in steps one through four, the burden shifts to the Commissioner in step five to show "the existence of . . . jobs in the national economy which, given the claimant's impairments, the claimant can perform." Goode v. Comm'r of Soc. Sec., 966 F.3d 1277, 1279 (11th Cir. 2020). If the Commissioner meets the burden, the burden shifts back to the claimant to "prove that [she] is unable to perform those jobs." Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

A court's review of a decision to deny Social Security benefits is limited to whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "This limited review precludes deciding the facts anew, making credibility determinations or re-weighing the evidence." Moore, 405 F.3d at 1211.

As a general rule, an ALJ must consider every medical opinion. Marrone v. Kijakazi, No. 8:20-cv-1424, 2022 WL 970197, at *2 (M.D. Fla. Mar. 31, 2022). "A medical opinion is a statement from a medical source about what [a claimant]

5

can still do despite [her] impairment(s) and whether [a claimant has] one or more impairment-related limitations or restrictions . . . ." 20 C.F.R. § 404.1513(a)(2). When assigning weight to a medical opinion, an ALJ should consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(c)(1)-(5).

Plaintiff's objection[2] pertains to the ALJ's treatment of Dr. Cain's opinion. In the first part of her objection, Plaintiff asserts that the Magistrate Judge erred by providing a *post hoc* rationalization[3] to compensate for the ALJ's inadequate articulation of her reasons for finding Dr. Cain's opinion unpersuasive. See Fed. Power Comm'n v. Texaco, Inc., 417 U.S. 380, 397 (1974) (noting that an agency's order must be upheld on the same basis articulated by the agency itself). As an initial matter, this Court finds that the ALJ did not fail to adequately articulate her reasons for finding Dr. Cain's opinion unpersuasive. Indeed, the ALJ explained

---

[2] In the filing, Plaintiff only raises a single objection. Within the objection, however, she provides three separate reasons as to why the Magistrate Judge erred in deciding to affirm the ALJ's handling of Dr. Cain's opinion.

[3] In Plaintiff's view, the Magistrate Judge's statement that "the ALJ's whole point was that Dr. Cain entirely lacked [radiologic imaging] despite obviously deeming it to be material to the examination" was improper *post hoc* reasoning. [Doc. 17, pp. 1-2]. Plaintiff asserts that this was improper because the ALJ never explicitly stated that the imaging was material to Dr. Cain's evaluation.

that Dr. Cain's opinion was not persuasive because Dr. Cain provided vague and unspecified environmental limitations and provided no function-by-function analysis. Dr. Cain also explained that the opinion was not persuasive because it was not based on imagining studies. Moreover, the Magistrate Judge's analysis of Plaintiff's failure to attend scheduled imaging appointments was not a *post hoc* rationalization. Instead, the analysis was complementary to the ALJ's statement that Dr. Cain's opinion was not based on imaging studies. Significantly, the Magistrate Judge's analysis did not undermine the ALJ's own rationale, which was supported by substantial evidence. Mitchell v. Colvin, No. 3-12-CV-95, 2013 WL 5433589, at *1 (M.D. Ga. Sept. 27, 2013) (holding that the magistrate judge did not engage in improper *post hoc* reasoning because the reasoning was "complementary" and "did not undermine the ALJ's own rationale"). Here, the Magistrate Judge did nothing more than explain the ALJ's decision before finding that her decision was supported by substantial evidence. This portion of Plaintiff's objection is **OVERRULED**.

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ properly found Dr. Cain's opinion too equivocal to be probative. Plaintiff seems to suggest that for an opinion to be equivocal, the doctor must explicitly say that her opinion is equivocal or based on speculation. By way of example, Plaintiff

7

contends that "Dr. Cain gave absolutely no such indication that [she] was speculating or simply declining to rule out a given limitation." [Doc. 17, p. 3].

The Court finds that the ALJ did not err by concluding that Dr. Cain's opinion was vague. In this case, Dr. Cain specifically stated that based on the exam, Plaintiff may have difficulty lifting and or carrying more than ten pounds and may have difficulty with prolonged standing or walking. The words "may" and "prolonged" are vague because they provide no specific limitations. See Sanders v. Soc. Sec. Admin., Comm'r, 854 F. App'x 311, 314 (11th Cir. 2021) (finding that the ALJ articulated good cause for giving less weight to a medical opinion because the term "prolonged period" was vague and provided no specific information about how long the claimant could sit or stand in one position). As such, this portion of Plaintiff's objection is without merit and is thus **OVERRULED**.

Lastly, Plaintiff argues that the Magistrate Judge erred when he failed to consider her argument that the ALJ cherry-picked evidence which would have supported Dr. Cain's opinion. More specifically, Plaintiff contends that the ALJ only focused on Plaintiff's "normal gait" and failed to consider her "reduced grip strength, swollen fingers, positive Phalen and Tinel signs, and difficulty picking up small objects from a table." [Doc. 17, p. 4].

Plaintiff is correct that the Report and Recommendation does not seem to address this particular argument. As a result, the Court will address the argument herein. The Eleventh Circuit Court of Appeals "has long held that where an agency 'focus[es] upon one aspect of the evidence and ignore[s] other parts of the record' it would be improper to find the agency's conclusion to be 'supported by substantial evidence.'" Marrone, 2022 WL 970197, at *4 (quoting McCruter v. Bowen, 791 F.3d 1544, 1548 (11th Cir. 1986). "It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." McCruter, 791 F.3d at 1548 (citations omitted).

In this case, the record does not support Plaintiff's argument that the ALJ cherry-picked evidence or failed to consider Plaintiff's reduced grip strength, swollen fingers, positive Phalen and Tinel signs, and difficulty picking up small objects from a table. In fact, the ALJ specifically noted in her decision that she "added manipulative limitations [to the RFC] based on Dr. Cain's reports of swollen and tender fingers and decreased grip strength." [Doc. 9-1, p. 33]. As to this particular limitation, the ALJ stated that Plaintiff could perform work that requires "frequent, but not constant, handling and fingering with the bilateral upper extremities." [Doc. 9-1, p. 30]. These added limitations suggest that Dr. Cain did

not ignore evidence. At bottom, the Court finds that the ALJ evaluated the record as a whole, and therefore this portion of Plaintiff's objection is **OVERRULED**.

## CONCLUSION

After reviewing the entirety of the Final Report and Recommendation and considering Plaintiff's objection, the Final Report and Recommendation is **ADOPTED** as the order of this Court. For the reasons stated by the Magistrate Judge, the Commissioner's final decision is **AFFIRMED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 2nd day of September, 2022.

_____
J. P. BOULEE
United States District Judge